## S. P. SMITH *v.* J. D. McILWAINE.

The word "actions," in the first line of paragraphs 3 and 4, in § 8, of the Code of Civil Procedure, is in the objective case, and is governed by the preposition "to," in the first line of the section; therefore the words "but such actions" must be supplied in each paragraph immediately preceding the verb "shall be governed," in the fifth line of the former, and the fourth line of the latter paragraph.

Actions commenced after the adoption of the Code upon contracts not embraced in the Stay Law Ordinance, must be brought before the Clerk.

(*Teague* v. *James, ante* 91, and *Gaither* v. *Gibson, ante*, 93 cited and approved.)

ATTACHMENT, dismissed upon motion before *Logan, J.*, at Fall term 1868, of the Superior Court of MECKLENBURG.

The proceeding was by summons (and warrant of attachment) returnable to Fall term 1868 of the Superior Court, upon a bond dated October 11th, 1865. The plaintiff having filed his complaint, the defendant answered and demurred. No part of the proceedings are material to be stated excepting the demurrer, which alleged that as the cause of action was a contract made on the 11th of October, 1865, the Code of Civil Procedure did not apply.

His Honor having thereupon ordered the attachment to be discharged, the plaintiff appealed.

*Dowd*, for the appellant.

*Wilson, contra.*

PEARSON, C. J. This case involves a consideration of sub-divisions 3 and 4 of §. 8, of the Code of Civil Procedure. These two sub-divisions are not intelligible without supplying the words "but such actions" before the verb "shall be governed," where it first occurs in the sub-division. For the preposition "to," in the preliminary clause—"The followi:g enactments are applicable to," governs the word "actions" in sub-divisions 3 and 4. So "actions" is in the objective case, and cannot be the nominative to the verb "shall be

governed." Supply the words "such actions" as a nominative. This corrects the grammatical error, and makes sense.

Our task is to construe sub-division 4. It embraces two classes: 1st, "Actions commenced prior to the adoption of the Code on contracts not embraced by the stay law ordinance:" this class is disposed of in *Teague* v. *James*, and *Gaither* v *Gibson, ante* 91 and 93; 2nd, Actions commenced on such contracts *after* the adoption of the Code. Our case falls under the second class. The construction depends upon the effect to be given to the words "as near as may be." We think the meaning is, as near as may be consistent with the changes made by the Constitution and Code of Civil Procedure. In other words, all actions commenced after the adoption of the Code are to conform to its provisions, unless there be some reason for departing from the rules therein prescribed, as in case of actions subject to the Stay Law Ordinance.

This construction cannot be materially varied by the fact that according to sub-division 1, the Code is to prevail "as far as may be," and by sub-divisions 3 and 4, the practice and procedure, under the existing law is to govern "as near as may be." This shading is too slight for any practical purpose. The meaning is, that in regard to actions commenced after the adoption of the Code, on contracts not embraced by the Stay Law Ordinance, the procedure is to be as before, except where the Code has made such changes as to make the old Code of Procedure inapplicable. So the construction is clear.

But the application is difficult. As to the first class there is but little difficulty in making the application of the Code as thus construed, and the old mode of procedure covers much ground.

But as to the second class the old mode of procedure can cover but little if any ground; indeed this class ought to have been set out by itself in a sub-division 5, corresponding with sub-division 2, and it is obvious that the attempt to compress both classes into one sentence has produced confusion; brevity was consulted at the expense of perspicuity.

The defendant says this debt was contracted prior to the

adoption of the Code, and the procedure ought to have been by process of original attachment, in which case the affidavit must state that the ordinary process of law could not be served.

The plaintiff replies that the Code requires the procedure to be by summons, and that the warrant of attachment issues upon an affidavit that the defendant is a non-resident, without requiring the statement "That the ordinary process of law cannot be served," and this mode of procedure supersedes the old mode of original attachment. To this the defendant rejoins—"suppose it to be so, the Code provides, § 73, that Civil actions shall be commenced by summons, returnable within a certain number of days *before the Clerk of the Superior Court,* before whom the pleadings are to be made up; but your summons is returnable before the Judge at the next term of the Superior Court. There is no provision made by the Code for this procedure, and the pleadings cannot be made up before the Judge in term time, for § 94 requires the demurrer or answer to be filed in the office of the Clerk of the Superior Court. So the old mode of procedure cannot be acted on, as the Code makes no provision for carrying it out, and the words 'as far as may be' can have no effect on the case. " This objection is fatal.

Our construction is made the more satisfactory, by a view which his Honor, Judge Tourgee, presents in *The Raleigh National Bank* v. *Johnson,* and *Swepson* v. *Harvey,* at this term.

His Honor adopts our construction that the summons must be returnable before the Clerk, on the ground that no provision is made by the Code for making up the pleadings except before the Clerk, and supports his construction by the position that § 405 of the Code, makes one specific and clearly defined exception to the rule laid down in § 73, to wit : in actions embraced by the Ordinance of March 14th 1868, in which case the summons "shall be made returnable to the term of the Superior Court therein designated," and that no other exception is made in the Code of Civil Procedure. to the rule laid down in § 73.

7

It was suggested that the purpose was to make a kind of stay law in respect to debts contracted before the ratification of the Code, by giving to debtors the same delay as under the old mode; but the difficulty is that the Code fails to provide a mode in which that can be done; that is it does not authorize the summons in such cases to be returned before the Judge in term time, instead of to the Clerk within a certain number of days, and makes no provision whereby the pleading can be made up before the Judge in term time.

The action as well as the attachment should have been dismissed, as having been commenced irregularly.

The position that this objection is in the nature of a plea in abatement, and should have been taken before the Clerk, cannot avail, for it was the fault of the plaintiff to take the case away from the Clerk by having the summons returnable before the Judge in term time.

PER CURIAM.                    Judgment affirmed.